UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE GALAZO                      :    CASE NO.:
                                      3:01CV01589 (DJS)
     Plaintiff

     vs.

CITY OF WATERBURY,               AT HARTFORD
KEVIN J. DALY, JR.,
MICHAEL PIEKSZA, JR., MARK
SANTOPIETRO, SGT. J. NARDOZZI
OFFR. C. SAMPSON and GARY PELOSI :

     Defendants                  :    SEPTEMBER 2, 2004

## DEFENDANT'S MEMORANDUM OF FACT AND LAW REGARDING ANTICIPATED EVIDENTARY PROBLEM

Facts:

   The defendant, Michael Pieksza, Jr. anticipates that the plaintiff will try to introduce to the Jury that he was a mayorial aide to the former Mayor of Waterbury, Philip Giordano, who is currently serving a federal prison term for the sexual assault of two minors. This information is irrelevant and if found to be relevant would be more prejudicial than probative for the jury. The defendant actually was a witness for the federal government in the case that resulted in the prosecution of Philip Giordano. The defendant anticipates that the evidence in this case will show that he was nothing more than a complainant, who as is his right to do, complained of illegal activity to the police and let the police officers do their job.

Law:

"Relevant evidence" means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed R. Evid. 402. The above stated evidence is irrelevant to the defendant's case yet if is found by the court to be relevant, it would should clearly be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Fed. R. Evid. 403.

Evidence is overly prejudicial if it distorts the rational fact finding process, as, for example, by misleading or inflaming the jury. See Ad. Comm. Notes to Fed. R. Evid 403, Bakou v. Henri Studios, Inc.., 656 F 2d. 1147 (5th Cir. 1981).

By linking the defendant to a convicted predator the danger arises that the jury will be aroused to have feelings of hostility that will interfere with their fact finding mission. See State v. Trotter, 69 Conn. App. 1 , 793 A. 2d 1172(2002).

THE DEFENDANT
MICHAEL PIEKSZA, JR.

BY  *[signature]*
Leonard M. Crone
27 State Street
P.O. Box 1687
Waterbury, CT  06702-1687
203-757-7969
Juris #: CT05043

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this 2nd day of September, 2004 to the following:

Kit Engstrom, Esq.
Norman A. Pattis, Esq.
William & Pattis
51 Elm Street, Ste. 409
New Haven, CT  06510

Michelle Holmes, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Ave
Suite 221
West Hartford, CT 06119

                              THE DEFENDANT
                              MICHAEL PIEKSZA, JR.

                              BY_____
                              Leonard M. Crone
                              27 State Street
                              P.O. Box 1687
                              Waterbury, CT  06702-1687
                              203-757-7969
                              Juris #: CT05043