UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE GALAZO | : | CASE NO.: |
| | | 3:01CV01589 (DJS) |
| Plaintiff | | |
| vs. | | |
| CITY OF WATERBURY, | | AT HARTFORD |
| KEVIN J. DALY, JR., | | |
| MICHAEL PIEKSZA, JR., MARK | | |
| SANTOPIETRO, SGT. J. NARDOZZI | | |
| OFFR. C. SAMPSON and GARY PELOSI: | | |
| Defendants | : | SEPTEMBER 2, 2004 |

**PROPOSED JURY INSTRUCTIONS**

**Instructions for Use During Trial**

**2.09 IMPEACHMENT OF WITNESS, PRIOR CONVICTION**

You have heard evidence that witness[1] _____ has been convicted of [a crime] [crimes]. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his [her] testimony.

**Committee Comments**

The admissibility of prior convictions to impeach a witness' credibility is governed by Fed. R. Evid. 609. In civil cases tried before December 1, 1990, the trial judge had no discretion to balance the probative value against the prejudicial effect. The conviction had to be admitted if it came within the rule. *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989); *Jones v. Board of Police Comm'rs*, 844 F.2d 500, 504-05 (8th Cir. 1988). Effective December 1, 1990, Rule 609 reinstates the balancing feature. If the conviction involves dishonesty or false statements, it may be admitted even if not a felony. Fed. R. Evid. 609. There is substantial dispute about how much information may be injected concerning the prior conviction. Some judges do not even allow evidence of what crime, or what punishment was involved. The judge may allow evidence of the specific crime committed and the sentence. *Ross v. Jones*, 888 F.2d 548, 551 (8th Cir. 1989). Fed. R. Evid. 105 gives a party the right to require a limiting instruction explaining that the use of this evidence is limited to credibility.

*See 8th Cir. Crim. Jury Instr.* 2.18 (2000); 3 Kevin F. O'Malley, et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS: Civil § 102.44 (5th ed. 2000); Federal Judicial Center, *Pattern Criminal Jury Instructions* 30 (1988); *Fifth Circuit Pattern Jury Instructions - Civil*, Instruction 2.17 (West 1998); *9th Cir. Crim. Jury Instr.* 4.8 (2000). *See generally* Fed. R. Evid. 609, 105; West Key # "Witnesses" 344(1-5), 345 (1-4).

**Notes on Use**

1. If the party in a civil case has a conviction which is introduced in evidence, it would be appropriate to modify Eighth Cir. Crim. Inst. 2.16 and give the following instruction, unless the evidence is admitted under Fed. R. Evid. 404(b) to prove motive, intent, plan, etc. Crim. Inst. 2.16, modified for civil cases is as follows:

> You [are about to hear] [have heard] evidence that (name) was previously convicted of [a] crime[s]. You may use that evidence only to help you decide whether to believe [his] [her] testimony and how much weight to give it. That evidence does not mean that [he] [she] engaged in the conduct alleged here, and you must not use that evidence as any proof [he] [she] engaged in that conduct.

If the evidence is admitted under Fed. R. Evid. 404(b), Crim. Inst. 2.08 may be modified and used.

**Civil Rights - Element and Damage Instructions**

**4.40 DEFINITION: COLOR OF STATE LAW**
**42 U.S.C. § 1983**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

**Committee Comments**

Adopted from *9th Cir. Civ. Jury Instr.* 11.1.1 (1997). *See Monroe v. Pape*, 365 U.S. 167 (1961), *overruled in part, Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Screws v. United States*, 325 U.S. 91 (1945); *United States v. Classic*, 313 U.S. 299, *reh'g denied*, 314 U.S. 707 (1941). The court should, if possible, rule on the record whether the conduct of the defendant, if it occurred as claimed by the plaintiff, constitutes acts under color of state (county, municipal) law and not even instruct the jury on this issue. In most cases, the color of state law issue is not challenged and the jury need not be instructed on it. If it must be instructed, this instruction should normally be sufficient.

CITE THIS WORK

8TH CIR. CIVIL JURY INSTR. 4.51 (2001)

or

8TH CIR. CIVIL JURY INSTR. 4.51 comment (2001)

THE DEFENDANT
MICHAEL PIEKSZA, JR.

BY _____
Leonard M. Crone
27 State Street
P.O. Box 1687
Waterbury, CT 06702-1687
203-757-7969
Juris #: CT05043

CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this 2nd day of September, 2004 to the following:

Kit Engstrom, Esq.
Norman A. Pattis, Esq.
William & Pattis
51 Elm Street, Ste. 409
New Haven, CT 06510

Michelle Holmes, Esq.
Sack, Spector and Karsten, LLP
836 Farmington Ave
Suite 221
West Hartford, CT 06119

THE DEFENDANT
MICHAEL PIEKSZA, JR.

BY /s/ Leonard M. Crone
Leonard M. Crone
27 State Street
P.O. Box 1687
Waterbury, CT 06702-1687
203-757-7969
Juris #: CT05043