UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE GALAZO | : | NO.: 3:01-CV-01589 (DJS)(TPS) |
|     Plaintiff, | | |
| vs. | : | |
| CITY OF WATERBURY, ET AL. | | |
|     Defendants. | : | SEPTEMBER 3, 2004 |

### JOINT TRIAL MEMORANDUM

**1.**    **Trial Counsel**

    **For the Plaintiff:**    John R. Williams, Esquire, ct00215
    Norman Pattis, Esquire, ct13120
    Timothy Mahoney, Esquire, ct24651
    Kim Coleman-Waisonovitz, Esquire, ct25759
    Joseph M. Merly, Esquire, ct21266
    Williams & Pattis, LLC
    51 Elm Street, Suite 409
    New Haven, CT  06510
    Telephone:  (203) 562-9931
    Fax: (203) 776-9494

    **For the Defendants:**    Michelle Holmes, Esquire, ct20014
    Sack, Spector & Karsten
    836 Farmington Avenue
    West Hartford, CT  06119
    Telephone:  (860) 233-8251
    Fax: (860) 232-8736

    Leonard M. Crone, Esquire, ct05043
    Law Offices of Leonard M. Crone
    27 State Street, P.O. Box 1687
    Waterbury, CT  06702
    Telephone: (203) 757-7969
    Fax: (203) 757-4863

**2.** **Jurisdiction:**

Jurisdiction of this Court is invoked pursuant to 42 U.S.C.§1983 and §1988 and 28 U.S.C.§ 1331, §1343(3) and §1367(a).

**3.** **Jury/Non-Jury**

This is a jury case.

**4.** **Length of Trial**

The parties anticipate the length of the trial to be four (4) days.

**5.** **Further Proceedings**

The parties do not anticipate any further proceedings to date.

**6.** **Nature of Case**

    **A.** **Summary:**

This is an action for assault against a restaurant employee, for unreasonable force against four Waterbury police officers, and for acts and omissions by city officials which caused the plaintiff emotional distress.  The plaintiff contends that the police officer defendants violated his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

    **B.** **Plaintiff's Contentions:**

The plaintiff was employed as a dishwasher and prep man at a Waterbury restaurant/bar. During the evening of March 17, 1999, defendant Pieksza, a kitchen worker, assaulted the plaintiff, and, when the plaintiff objected, ordered the plaintiff to leave the bar and told him he was fired.  Then, accompanied by defendants Pelosi and Sampson, police officers who were

drinking at the bar, he pursued the plaintiff into an adjoining alley. While the police held the plaintiff's arms, defendant Pieksza beat the plaintiff while stating to him: "See the power I have?" One or more of the defendant police officers also beat and kicked the plaintiff.

The defendant police officers thereupon falsely arrested the plaintiff on a charge of disorderly conduct, transported him to Waterbury police headquarters where he was further assaulted and subjected to humiliating and degrading abuse.

The plaintiff made a complaint with the office of the Mayor of Waterbury, and shortly thereafter, defendant Sgt. Nardozzi appeared at the plaintiff's home and presented the plaintiff with two checks. One of the checks represented wages owed to the plaintiff. The other check was also issued by the restaurant owner. Handing the plaintiff the checks, defendant Nardozzi cautioned the plaintiff not to make any further complaint about the incident.

The defendants refused to provide the plaintiff with a copy of the police report; defendant Daly refused to release it to the plaintiff and his attorney.

    **C.**    **Defendants' Contentions:**

The defendants deny plaintiff's allegations.

    **7.**    **Trial By Magistrate Judge:**

    A.    In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ.P. 73, the parties voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

**8.     List of Witnesses**

**Plaintiff:**

| | | |
|---|---|---|
| 1. | The plaintiff will testify concerning the allegations in the complaint. | 2.5 hours |
| 2. | The defendants will testify concerning their actions and omissions with respect to the plaintiff's claims. | 5.0 hours |
| 3. | Maureen Rooks, Probation Officer, U.S.D.C., New Haven, will testify concerning the visit by Nardozzi to plaintiff's home after the incident. | 0.5 hours |
| 4. | "Jimmy the Chef", a chef at the Brass Horse in 1999, will testify about his observations of defendants Pieksza, Santopietro, Sampson and Pelosi. | 0.5 hours |
| 5. | Sheri Roy, plaintiff's common law wife, will testify concerning telephone calls to her home by defendant Pelosi, and will testify concerning the plaintiff's damages. | 1.0 hours |
| 6. | Michael Ritchie, Waterbury Police Department, will testify concerning his knowledge of plaintiff's claims. | |
| 7. | Sgt. Edward Daponte, Waterbury Police Department, will testify | |
| 8. | Maureen Rooks, U. S. Probation Office. | |

**Defendants, Officer C. Sampson, and Gary Pelosi**

| | | |
|---|---|---|
| 1. | Any and all witnesses listed by the other parties to this action. | 2-3 hours |
| 2. | Charles Sampson will testify as to his involvement on the date of the alleged incident. | 1.0 hours |
| 3. | Gary Pelosi will testify as to his involvement on the date of the alleged incident. | 1.0 hours |
| 4. | Sgt. Frank Koshes | 1.0 hours |

**Defendant, Michael Pieksza, Jr.**

| | | |
|---|---|---|
| 1. | Robert Clemons will testify as to the interaction between the plaintiff and the defendant, Mr. Pieksza. He is expected to testify that the defendant, Mr. Pieksza, did not use any force whatsoever, nor did he utter the statements that the plaintiff complains about. | 1.0 hours |
| 2. | Michael Pieksza, Jr. will refute all allegations that the plaintiff has made against him and will accurately describe the interaction between himself and the plaintiff. | 1.5 hours |
| 3. | Records' Keeper of the Waterbury Police Department will testify as to the plaintiff's felony convictions, criminal cases which the plaintiff may still have pending and provide those police reports as well as the police report from the plaintiff's arrest on the night in question. | 0.5 hours |
| 4. | Jose Galazo will testify about his allegations against the defendants, his motive to lie and his history of bias toward police officers and Mr. Pieksza. He will also testify as to his past criminal felony history. | 2.0 hours |
| 5. | Gary Pelosi will testify as to the night in question and any dealings he had with Jose Galazo before and after the alleged incident. | 0.5 hours |
| 6. | J. Nardozzi will testify as to the night in question and any dealings he had with Jose Galazo before and after the alleged incident. | 0.5 hours |

**9.     Exhibits**

**Plaintiff:**

1.     Earnings Statement, DBA: The Brass Horse, pay date 3/19/99

2.     Promise to Appear, 3/17/99.

3.     Medical Records, Waterbury Hospital, 3/17/99

4.  6/26/99 police report (which was used to violate his parole)

5.  Letter from Sgt. Edward Daponte to John R. Williams, 7/28/99

6.  Letter from Kevin Daly to John R. Williams, 9/16/99

7.  Checks issued to plaintiff by Brass Horse Restaurant, 3/17/99-4/1/99.

**Defendants, Officer C. Sampson, and Gary Pelosi**

1.  Any and all exhibits listed by the other parties

2.  The plaintiff's medical records.

3.  The plaintiff's criminal history.

4.  Any and all documents relating to the plaintiff's arrest on the date of the alleged incident.

**Defendant, Michael Pieksza, Jr.**

1.  Any and all exhibits listed by the other parties.

**10.   Trial to Court/Jury**

The parties conferred in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law, however, they cannot agree as to the facts or the law at this time.

    **(a)   Court:**      Please see above.

.     **(b)   Jury:**      Please see above.

        **(1)   Proposed Voir Dire Questions**

            (a)   A copy of the Plaintiff's Proposed Voir Dire Questions is attached.

   (b) A copy of the Defendants, Officer C. Sampson and Gary Pelosi's Proposed Voir Dire Questions is attached.

   (c) A copy of the Defendant, Michael Pieksza, Jr.'s Proposed Voir Dire Questions has been previously filed with the court, and is also are attached hereto.

 **(2)** **Proposed Jury Instructions**

   (a) A copy of the Plaintiff's Proposed Jury Instructions is attached.

   (b) A copy of the Defendants, Officer C. Sampson, and Gary Pelosi's Proposed Jury Instructions is attached.

   (c) A copy of the Defendant, Michael Pieksza, Jr.'s, Proposed Jury Instructions has been previously filed with the court, and is also attached hereto.

**11.** **Anticipated Evidentiary Problems**

The **plaintiff** anticipates no evidentiary problems.

**Defendants, Officer C. Sampson, and Gary Pelosi** reserve their right to object to all evidence and/or testimony on the ground of relevance and hearsay. Specifically, defendants object to the testimony of Maureen Rooks, "Jimmy the Chef", Sheri Roy, Michael Ritchie and Sergeant Edward Daponte. The defendants also object to Plaintiff's Exhibits 1, 2, 5, 6 and 7 on the ground of relevance and hearsay.

**Defendant Michael Pieksza, Jr.,** anticipates the following evidentiary problems:

The defendant, Michael Pieksza, anticipates that the plaintiff will try to introduce to the Jury that he was a mayoral aide to the former Mayor of Waterbury, Philip Giordano, who is currently serving a federal prison term for the sexual assault of two minors. This information is

irrelevant and would be more prejudicial than probative for the jury.  See memorandum of law concerning this evidentiary problem, previously submitted.

        PLAINTIFF,        Jose Galazo


By:_____
       Katrena Engstrom, Esquire
       Williams & Pattis
       51 Elm Street, Suite 409
       New Haven, CT  06510
       Federal Bar No:  ct09444
       (203) 562-9931
       His Attorney

DEFENDANTS,     Officer C. Sampson
                            and Gary Pelosi


BY:_____
       Michelle Holmes
       Federal Bar No.: ct20014
       Sack, Spector & Karsten
       836 Farmington Avenue
       West Hartford, CT 06119
       Their Attorney

DEFENDANT,      Michael Pieksza, Jr.


BY: _____
       Leonard M. Crone, Esquire
       Law Offices of Leonard M. Crone
       27 State Street, P.O. Box 1687
       Waterbury, CT  06702
       Federal Bar Number: ct05043
       (203) 757-7969
       His Attorney

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been hand-delivered to the court and has been mailed, postage prepaid, this 3rd day of September, 2004, to the following counsel of record:

Katrena Engstrom, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Leonard M. Crone, Esquire
P.O. Box 1687
Waterbury, CT  06702

                                                                                                               _____
                                                                                                               Michelle Holmes

Hand-Delivered To:

Clerk's Office
United States District Court
450 Main Street
Hartford, CT  06103

Honorable Dominic J. Squatrito
United States District Court
450 Main Street
Hartford, CT  06103