UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE GALAZO,
  -Plaintiff

-vs-                                              Civil No.   3:01 CV 01589

MICHAEL PIEKSZA,
SGT. JAMES NARDOZZI,
OFFICER CHARLES SAMPSON,
AND OFFICER GARY PELOSI,
  -Defendants.

### CHARGE TO THE JURY - NOVEMBER 3, 2005

It is now up to me to give to you the rules of law that lie at the foundation of the various matters here in issue: the rules which, when applied by you, will lead to your ultimate decision.

It is your duty to deliberate in this case, and to arrive at a fair and just decision based upon the evidence and the law. Sympathy as well as bias have no place in the case and you should conscientiously and definitively avoid any consideration of sympathy or bias as a basis for your decisions. This applies equally to the plaintiff and to the defendants.

You must apply the law, as I give it to you, to the facts you find have been proved. You are to consider my jury charge as a whole and apply the law that I give to you even if you believe

-1-

that the law should be different. You will then render your verdicts by unanimous votes. When you go in the jury room to deliberate, if you have a question, you will send a note to the court in writing through the Marshal.

### Weight of the testimony

There is no magical formula by which one may evaluate testimony. Instead you should bring with you to this courtroom all the experience and background of your daily lives. In your everyday affairs you regularly determine for yourselves the reliability or unreliability of statements that are made to you, or documents that are given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here. In applying these tests, you may consider the demeanor of the witness on the stand and any interest he may have in the outcome of the case. You may also consider any bias or prejudice for or against any party; the witness' opportunity to observe; any reason for the witness to remember or forget; the inherent probability of his or her story; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

You may decide not to accept a witness' testimony even if it stands uncontradicted and unimpeached. On the other hand, you may find a particular fact established even though it is supported only by the testimony of one witness. In sum, ladies

and gentlemen, you alone determine what weight, if any, to give to the evidence presented.

You should carefully scrutinize all the testimony that has been given; the circumstances under which each witness has testified; and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may also consider each witness' intelligence, motive, state of mind and demeanor while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other credible evidence in the case.

If you should find that any witness has deliberately testified falsely on any material point, you may take that into consideration in determining whether that witness has testified falsely on other points. Simply because you find that a witness has not testified accurately with respect to one fact it does not necessarily follow that the witness is wrong on every other point. A witness may honestly be mistaken on one point of testimony yet entirely accurate on others. But if you find that a witness has deliberately lied on any material point, it is only natural that you should be suspicious of the testimony of that witness on all points. Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire

testimony of that witness. Whether you disbelieve it or not lies in your sound judgment.

Before we leave this credibility area, I want to stress that the instructions I've just given apply generally to all witnesses equally. Any witness who takes the witness stand subjects his or her testimony to the tests I have already told you about.

### Police testimony

In this case, you have heard the testimony of police officers. The testimony of a police officer should be treated the same as that of any other witness. In other words, it is entitled to no greater or lesser respect. You should recall each officer's demeanor on the stand, his manner of testifying, the substance of his testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

### Burden of proof - civil

As I told you in my preliminary instructions, in a civil action, the plaintiff bears the burden of proof on each essential element of each claim by a "preponderance of the evidence."

I again want to point out that the burden of proof in a civil case differs from the burden of proof in a criminal case. In a criminal case, the burden of proof is proof "beyond a reasonable doubt"; in a civil case, the burden of proof is proof "by a preponderance of the evidence." To prove by a preponderance of the evidence means to prove that something is

more likely so than not so. In other words, a preponderance of the evidence means such evidence, as when considered and compared with that opposed to it, has a more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. This is not necessarily determined by the greater number of witnesses produced by a party, but it means that the evidence on behalf of the party on whom the burden rests must have greater qualitative weight in your judgment, that is, greater probative value.

It might be helpful to visualize a pair of scales in equal balance. Imagine that you can put the plaintiff's evidence on one side of the scale and the defendant's on the other. If the scales tip ever so slightly in favor of the plaintiff, the plaintiff's evidence preponderates, and the plaintiff has sustained his burden. If the scales tip the other way, ever so slightly in favor of the defendant, then obviously the plaintiff has not sustained his burden.

## INSTRUCTIONS ON PLAINTIFF'S CLAIMS

The plaintiff is seeking redress for the alleged violations of his rights under the United States Constitution and laws of the State of Connecticut. The Constitutional rights that the plaintiff claims the defendant violated are his right: (1) to be free from an arrest made without probable cause; and (2) to be free from the use of excessive force during an arrest. The plaintiff also alleges that defendant violated the state laws prohibiting: (1) assault and battery, (2) malicious prosecution, and (3) intentional infliction of emotional distress. I will instruct you on how to analyze the federal claims first, and then will address the state law claims thereafter.

I. **INSTRUCTIONS RELATING TO THE FEDERAL CIVIL RIGHTS CLAIMS**

   A. **§ 1983 of the Civil Rights Act**

   Plaintiff brings this suit in part under § 1983 of the federal Civil Rights Act. This statute was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution, which provides:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

   You are instructed as a matter of law that among the many rights granted by the Constitution, every citizen has the right to his "liberty," or right to not to be arrested without due process of law, and the right not to be subjected to unreasonable force while being arrested by a law enforcement officer, even where such arrest is otherwise made in accordance with due process of law. The federal civil rights statute provides that a person may seek damages against anyone who, under color of any state law or custom, subjects them to the deprivation of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

   B. **The Elements of a § 1983 Claim**

   In order to prove his § 1983 claims of false arrest and excessive force, the burden is on the plaintiff to establish by a

-7-

preponderance of the evidence each of the following three elements:

*First*: That the defendant(s) violated plaintiff's Constitutional rights by (1) falsely arresting him, or (2) using excessive force against him in the course of his arrest,

*Second*: That the defendant's acts were the proximate cause of the damages sustained by plaintiff, and

*Third*: That the defendant(s) acted under the color of state law. Acting "under the color of state law," means "under the pretense of law," or acting in one's capacity as an agent of the government (here, as a police officer). A person acts "under color of state law" not only when he is acting within the scope of his authority, but also when he is purporting or pretending to act in the performance of his official duties. In other words, the unlawful acts must be of such a nature and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise his official powers.

Other than the definition of "color of state law" that I have just given you, there are two other pieces of information you should consider. First, you will recall that defendant Peikza is not a police officer. However, you may find that he acted under "color of state law," as I have defined it for you, if two elements are met: 1) you find that any of the defendant

-8-

police officers acted under color of state law; and 2) you find that defendant Peikza was a willing participant assisting the officer in acting illegally under the color of state law. If both elements are met, you may find defendant Peikza acted "under color of state law" even though he held no official position or employment.

The second piece of information you should keep in mind is that the term "state" includes any city, town or other municipality. For the purposes of the this case, the City of Waterbury falls within the definition of "state."

In this case, the parties agree that defendant Sampson was acting under color of state law. You only need to consider the color of state law claim with respect to defendant Pieksza.

C. **Proof of Intent**

Under this statute, it is not necessary to find that the defendants <u>specifically intended</u> to deprive the plaintiff of his Constitutional rights in order to find for the plaintiff. Instead, a plaintiff is entitled to relief if the defendants <u>intentionally</u> or <u>recklessly</u> engaged in conduct that violated particular constitutional rights. An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences. <u>Mere</u>

<u>negligence</u>, however, on the part of the defendant is not enough to create liability. An act is <u>merely</u> <u>negligent</u> if a defendant's conduct breached a legal duty to use reasonable care in the circumstances, but the defendant did not act intentionally or recklessly.

Remember that while witnesses may give direct evidence of what a person does or fails to do, they may not testify as to what was going on in another person's mind. In determining whether a defendant acted intentionally or recklessly, you have to consider what was done, what the people involved said was in their own minds, and your belief or disbelief with respect to those facts.

## II. PLAINTIFF'S CLAIMS UNDER § 1983: FALSE ARREST & EXCESSIVE FORCE

### A. False Arrest

One of plaintiff's claims is that he was wrongly arrested. To justify an arrest, it must appear that the arresting officer had probable cause; that is, that the officer had reasonable grounds to believe that a crime had been committed and that the person arrested committed it. Simply put, if the police officer had probable cause to believe a crime had been committed and that the person in question had committed the crime, then the arrest was lawful, however if there was no probable cause for those beliefs, then the arrest was unlawful.

#### I. Probable Cause

Probable cause exists if the facts and circumstances known to the defendant, or of which he had reasonably trustworthy information, are sufficient to warrant a prudent police officer in believing that the suspect has committed a crime. In determining whether an officer had reasonable grounds to believe that a person has committed an offense, the actions of the arresting officer are to be measured by what a reasonable person would have believed under the same circumstances. The quantum of evidence necessary to establish probable cause must exceed a mere suspicion or hunch, but is less than required to prove a person's guilt beyond a reasonable doubt. Remember, it is not for you to decide whether the plaintiff had actually committed the

-11-

offense, but whether a reasonable person would have reasonable grounds for arresting the plaintiff.

In determining whether probable cause existed to arrest the plaintiff, you must consider the crime alleged to have been committed. On March 17, 1999, Jose Galazo was arrested and charged with disorderly conduct. The Connecticut disorderly conduct statute states:

> A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise . . . .

Connecticut General Statutes § 53a-182. You must determine whether it is reasonable to believe that there was probable cause that Mr. Galazo had committed this crime and, therefore, whether it was lawful to arrest Mr. Galazo. If probable cause existed for the plaintiff's arrest, then you must find that the arrest was lawful.

### ii. Nolle Prosequi

The word *nolle* is a shortened version of the legal term *nolle prosequi*, which means literally "I will not prosecute." A nolle prosequi is a formal entry upon the record by the prosecuting attorney, declaring that he or she will not prosecute the case any further. The fact that the plaintiff's arrest was not prosecuted is not evidence of the validity or invalidity of

the arrest. Whether to prosecute a case is within the sole discretion of the prosecutor, and he may decline to prosecute a charge for any reason or for no stated reason at all, therefore you may not attach any special significance to a *nolle* or a subsequent dismissal.

In sum, that a prosecutor decided not to bring the criminal charge to trial should not affect your decision as to whether there was probable cause. It is for you to make an independent judgment whether probable cause existed for the arrest.

B.  **Excessive Force**

Plaintiff claims that he was subjected to excessive force by the defendants Pieksza and Sampson in the course of his arrest. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right to be free of excessive force when arrested.

An officer has the right to use such force as is necessary under the circumstances to effect a lawful arrest. However, every person has the right to be free from unreasonable or excessive force while being arrested by a law enforcement officer, even where the arrest is otherwise made in accordance with due process of law. Whether or not the force used was unnecessary, unreasonable or violent shall be determined by you in light of both the surrounding circumstances and on the basis of the degree of force a reasonable and prudent officer would have applied in effecting the arrest under the circumstances in this case.

If the evidence in this case establishes that there were some forcible contact between the plaintiff and the defendant(s), this would not be sufficient by itself to demonstrate that the defendant(s) violated the plaintiff's constitutional rights. On

the other hand, you may find that the degree of contact established by the evidence constituted unreasonable and excessive force that would render the defendant(s) liable.

The question before you is whether the actions of the defendant police officer were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to a police officer's underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer at the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

In sum, if you find that the plaintiff has established, by a

preponderance of the evidence, that the defendant used excessive force in placing him under arrest, the plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.  However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, either that the defendant used excessive force in effecting the arrest, or that the excessive force caused plaintiff's injuries, then your verdict will be in favor of the defendant.