## III. DEFENDANT'S AFFIRMATIVE DEFENSE TO § 1983: QUALIFIED IMMUNITY

If, and only if, you find that plaintiff's constitutional rights were violated, you must consider the defense of qualified immunity. Qualified immunity is a defense that is available <u>only</u> to the individual defendant police officer. A police officer might not be liable to the plaintiff for damages if it was objectively reasonable for him to believe his acts did not violate the plaintiff's rights. You must determine whether the defendant police officer is shielded from liability for both the excessive force claim and the false arrest claim against him.

Again, you will only reach this issue of qualified immunity if you have first determined that the defendant officer violated plaintiff's Constitutional rights. If you reach this conclusion, your focus will then shift to the question of whether it was objectively reasonable for the defendant police officer to believe he was acting lawfully.

Qualified immunity is an affirmative defense, which means that the defendant bears the burden of proving this defense by a preponderance of the evidence. In assessing whether a defendant has met this burden, you must ask yourself what a reasonable police officer in the defendants' situation would have believed about the legality of his conduct. You may consider the nature of a defendant's duties, the character of the position of police officer, the information that was known to him, and the event

-17-

that confronted him. You should also use your common sense.

An individual police officer is entitled to qualified immunity on the claim of <u>excessive force</u> if he establishes by a preponderance of the evidence that a reasonable police officer in his position would have believed that the amount of force used was reasonable under all of the circumstances, *or* if you find that officers of reasonable competence could disagree on the amount of force which was objectively reasonable to use. Then immunity should be recognized and the defendant will not be found liable for excessive use of force.

Likewise, an individual police officer is entitled to qualified immunity on the claim of <u>false arrest</u> if it was objectively reasonable for the officer to believe that probable cause existed for the arrests, *or* if officers of reasonable competence could disagree as to the existence of probable cause. In other words, even if probable cause to arrest is ultimately found not to have existed, an arresting officer will still be entitled to qualified immunity if he can establish that there was "arguable probable cause" to arrest. Thus, the test for qualified immunity is more favorable to the officers than the one for probable cause because "arguable probable cause" will suffice to confer qualified immunity for the arrest.

In sum, even if you have found that a Constitutional violation has occurred, you may then find that the officers are

entitled to immunity from damages because the Constitutional violations were the product of an objectively reasonable mistake.

## IV. PLAINTIFF'S CLAIMS UNDER STATE LAW

### A. Assault & Battery

In addition to claiming his federal rights were violated, the plaintiff is also claiming his rights under Connecticut state law were violated. Specifically, the plaintiff claims that defendants Pieksza and Sampson each committed assault and battery upon him. Assault and battery consists of two elements, both of which the plaintiff must prove by a preponderance of the evidence.

(1) The first element requires that the plaintiff prove force was applied to him. As far as the liability of the defendants is concerned, it does not matter the extent of the force used, only that force was applied. In other words, harmful or offensive touching is considered "force" for the purposes of the assault and battery claim. If, however, you determine any of the defendants are liable for assault and battery, then the extent of the force applied and the harm caused should be considered in your calculation of damages.

(2) The second element of assault and battery requires that plaintiff prove the force or violence applied to him was <u>unlawful</u>. The practical implication of this requirement is that if you find a defendant is not liable for <u>both</u> the claims of "false arrest" and "excessive force," then his actions were *lawful*, and the defendant is not liable for assault and battery.

On the other hand, if you find that any defendant is liable for "false arrest" <u>or</u> "excessive force" then his actions were *unlawful* and you may consider whether he is liable for assault and battery.

B. **Malicious Prosecution**

The plaintiff alleges that he was falsely and maliciously prosecuted by the defendant(s) for a crime of which he was innocent. It is not disputed that the plaintiff was arrested, that he was charged with disorderly conduct, and that the prosecutor issued a *nolle prosequi* or "*nolle*." A nolle prosequi is a formal entry upon the record by the prosecuting attorney, declaring that he or she will not prosecute the case any further. In Connecticut, a *nolled* case is permanently dismissed thirteen months after it is entered unless the prosecutor reopens the case within that time.

The four essential elements of a malicious prosecution claim are as follows:

(1) First, the plaintiff must prove that the defendant(s) instigated the criminal proceedings against him. A defendant is only liable for malicious prosecution if by his direction, request, insistence, urging or pressure, he caused the initiation of criminal proceedings against the plaintiff. Remember that there are multiple defendants in this case. You must decide which, if any, of the defendants caused the initiation of criminal proceedings against plaintiff.

(2) Second, the plaintiff must prove that the underlying criminal proceedings terminated in his favor. Under Connecticut law, a "favorable termination" means more than an acquittal after

trial. To prove a favorable termination, it is sufficient if the plaintiff shows he was discharged without a trial under circumstances amounting to an abandonment of the case by the prosecutor. If you find that the plaintiff's disorderly conduct charge was *nolled* at his request or as a result of an agreement struck with the prosecutor, the plaintiff is not entitled to recover under his malicious prosecution claim. On the other hand, if you find that the prosecutor entered the *nolle* unilaterally, absent a request by or agreement with the plaintiff, then you may consider the remaining elements of the malicious prosecution claim.

(3) The third element the plaintiff must prove is that the defendant(s) acted without probable cause. This means that the plaintiff must prove that the defendant acted without knowledge of facts which would be sufficient to justify a reasonable person in believing that there were reasonable grounds for instituting the criminal proceeding. In considering whether probable cause existed to instigate the arrest of the plaintiff for disorderly conduct you should consider the definition of disorderly conduct under the Connecticut Penal Code:

> A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise . . . .

In considering the malicious prosecution claim, the relevant question is not what the defendant(s)' thought. In other words, it is not enough to merely find that the defendant(s) subjectively believed they had reasonable grounds to instigate a criminal prosecution of the plaintiff. Rather, the question is: would a reasonable person, situated as the defendant(s) were, under the circumstances then existing, believe that there were reasonable grounds for arresting and prosecuting the plaintiff for disorderly conduct? Mere conjecture or suspicion would not satisfy the requirement of reasonable grounds. In judging the defendant(s)' conduct you are to consider only the facts and circumstances which existed at the very time the proceedings were instituted. Facts subsequently occurring or information subsequently acquired are to be disregarded.

Although some of the defendants in this case are police officers, a defendant need not be a law enforcement or prosecutorial official to be liable for malicious prosecution. A private citizen may be liable for malicious prosecution if his actions fall within the standards I set forth.

(4) The fourth and final element of a malicious prosecution action requires the plaintiff to prove that the defendant(s) instigated the proceedings with malice. In the law, malice has a broader definition than we give it in ordinary conversation. We usually think of malice as meaning hatred, ill will towards

-24-

another, or the desire to do another injury. Legal malice does include such meanings, but it also means the presence of any unjustifiable motive. If you find that the defendant(s) acted with hatred, ill will or such similar state of mind, malice is established. If you do not find such a state of mind, you may still find malice if you find the presence of any other unjustifiable motive. To this end, you are permitted, but not required, to infer malice from the lack of probable cause. Lack of probable cause does not establish malice in and of itself. However, if in view of all the circumstances and in the light of all the evidence you conclude that it is reasonable to make that inference, it is your right to do so.

Let me caution you in your deliberation on this count in two respects. First, you should not infer that the termination of proceedings against the plaintiff without a conviction establishes either lack of probable cause or the presence of malice. Second, although I have said you can infer malice from a lack of probable cause, the reverse is not true. That is to say, you cannot infer lack of probable cause from malice.

In summary, in order to recover damages the plaintiff must have proved to you by a preponderance of the evidence that (1) the defendant(s) were the cause of the institution of the criminal proceedings against him; (2) that the disorderly conduct criminal charge was terminated in plaintiff's favor; (3) that

-25-

there was no probable cause and; (4) the defendant(s) acted with malice.  If the plaintiff has so proved all of these elements, he is entitled to recover.  If, however, plaintiff has failed to prove any one of these elements the plaintiff is not entitled to recover.

### C. Intentional Infliction of Emotional Distress

The plaintiff also claims that the defendant(s) intentionally inflicted emotional distress upon him. In Connecticut, a plaintiff suing for intentional infliction of emotional distress must prove four elements against each individual defendant by a preponderance of the evidence:

(1) The first element requires that the plaintiff prove that the defendant(s) intended to inflict emotional distress or that the defendant(s) knew or should have known that emotional distress was the likely result of his conduct. This element requires intent or recklessness on the part of the defendant(s). An act is <u>intentional</u> if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of accident, mistake, negligence or other innocent reason. An act is <u>reckless</u> if it is done in conscious disregard of its known probable consequences.

(2) The second element requires the plaintiff to prove that the conduct alleged was extreme and outrageous. Courts have defined extreme and outrageous behavior as that which exceeds all bounds usually tolerated by decent society. Conduct on the part of the defendant(s) that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

(3) The third element requires that the plaintiff prove that the defendant(s)' conduct caused the plaintiff's distress.

(4) The fourth element requires the plaintiff to prove that the emotional distress sustained was severe. The severity requirement exists because the law acknowledges that some degree of transient and trivial emotional distress is a part of the price of living among people. However, the law will intervene where the distress inflicted is so severe that no reasonable person could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. The plaintiff must prove severity by a preponderance of the evidence, but in considering severity you may also consider the extreme and outrageous character of the defendant's conduct.

## INSTRUCTIONS ON DAMAGES

I. **COMPENSATORY DAMAGES**

The purpose of the law of damages is to award, as far as possible, just and fair compensation. Just because I instruct you on how to calculate damages does not mean that you must find for the plaintiff and award damages. If, however, you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendant was a substantial factor in bringing about. These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole, that is, to compensate him for the damages that he has suffered.

Among the elements of injury and harm which you should consider are:

(1) The physical harm to the plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which the plaintiff will, with reasonable certainty, suffer in the future;

(2) The emotional distress, humiliation, personal indignity, embarrassment, fear and anguish which the plaintiff may have suffered or may be reasonably

-29-

certain to suffer in the future.

III. NOMINAL DAMAGES

If you find, after considering all of the evidence presented, that the defendant violated the plaintiff's rights, but that he suffered no injury as a result of the violation or breach, you may award the plaintiff "nominal damages." Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his constitutional rights or his rights under state law without any resulting physical, emotional or financial damage.

You may not award both nominal and compensatory damages to the plaintiff; either the plaintiff was tangibly injured, in which case you must award compensatory damages, or else the plaintiff was not, in which case you may award nominal damages, such as one dollar. However, the award of a nominal sum would not preclude your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under the following instructions.

### III. **PUNITIVE DAMAGES**

In addition to awarding compensatory damages to the plaintiff, the law permits the jury, under certain circumstances, to award the injured person punitive damages. Punitive damages are intended to punish the wrongdoer for extraordinary conduct and serve as a warning to others not to engage in such conduct. Punitive damages are also intended to protect the community and to be an expression of the jury's indignation at the misconduct.

If you find by a preponderance of the evidence that the plaintiff is entitled to compensatory damages, and you find that the act or omission of the defendant was maliciously or wantonly done, then you may add punitive damages to the compensatory damages in such amount as you unanimously agree to be proper.

For the purpose of calculating damages, an act or a failure to act is "maliciously" done if it is prompted or accompanied by ill will or spite. An act or failure to act is "wantonly" done if it is done in reckless or callous disregard of the rights of one or more persons, including the injured person.

Whether you decide to award any punitive damages should be based on whether you find that the defendant acted willfully, deliberately, maliciously, or with reckless disregard of the plaintiff's rights. If you find that the defendant so acted, then you should award punitive damages.

## CONCLUSION

You will be given a copy of these jury instructions which you may refer to if you wish during your deliberations. We have also prepared for you a verdict form to assist you in recording your verdict and guiding your deliberations. You may now retire to the jury room. Your first order of business should be to elect a foreperson. Once we have sent the exhibits into the jury room, you may begin your deliberations.