UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE GALAZO | : NO.: 3:01CV01589 (TPS) |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MICHAEL PIEKSZA, SGT. JAMES | : |
| NARDOZZI, OFFICER CHARLES | : |
| SAMPSON, and GARY PELOSI | : NOVEMBER 17, 2005 |
|     Defendants. | |

**Motion to Set Aside Jury Verdict Damage Award**

The Defendant, Officer Charles Sampson, hereby requests pursuant to Rule 50 of the Federal Rules of Civil Procedure, that the compensatory damage amount of $1,250.00 awarded by the jury in the verdict dated November 4, 2005, for the claim of Assault and Battery, be set aside. In support of this Motion, the Defendant represents the following:

The above entitled matter proceeded to trial on November 1, 2005 and concluded on November 4, 2005 at which time a jury verdict was rendered. The jury found the Defendant Officer Charles Sampson liable to the Plaintiff on a federal claim of use of excessive force and on a pendant state claim of assault and battery. With regard to the federal claim of excessive force, the jury issued a compensatory damage award of $1,250.00 and a punitive damage award of $50,000.00. With regard to

the pendant state claim of assault and battery, the jury issued a compensatory damage award of $1,250.00 and also indicated that punitive damages should also be awarded.

Assault and battery may be committed in three ways; first, if committed willfully or voluntarily, and therefore done intentionally; second, done under circumstances showing a reckless regard of consequence; and third, committed negligently.  Markey v. Santangelo, 195 Conn 76, 78 (1985).  The jury in the Galazo case by its indication that punitive damages should be awarded under the state claim of assault and battery, apparently determined that the assault and battery was committed by the officer willfully or voluntarily and therefore it was done intentionally.  It is this same intentional conduct, the unlawful use of force that provides the basis for a Section 1983 excessive force claim.  In order to determine liability for the assault and battery claim and the Section 1983 excessive force claim, the jury examined the application of force by the officer which is the same application of force under both claims.  Therefore, any compensatory damages sustained by the Plaintiff are identical under both claims and the Plaintiff should only be permitted to recover these damages once.

Based upon the foregoing reasons, the compensatory damage amount of $1,250.00 awarded by the jury in the verdict dated November 4, 2005, for the claim of Assault and Battery should be set aside.

        The Defendant,
        Charles Samspon


BY_____
        **CHERYL E. JOHNSON**
        Federal Bar Number: ct02380
        Noble, Spector, Young & O'Connor
        One Congress Street
        Hartford, CT  06114
        860-525-9975
        Fax: 860-525-9985
        johnson@nsyolaw.com


## **CERTIFICATION**

This is to certify that a copy of the foregoing **Motion to Set Aside Jury Verdict Damage Award** has been mailed, postage prepaid, this 17th day of November, 2005, to the following counsel of record:

John R. Williams, Esq.
Katrena Engstrom, Esq.
51 Elm Street, Suite 409
New Haven, CT  06510

Leonard M. Crone, Esq.
27 State Street
P.O. Box 1687
Waterbury, CT  06702

        _____
        Cheryl E. Johnson