UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE GALAZO | : | |
| | : | |
| VS. | : | NO. 3:01CV1589 (TPS) |
| | : | |
| MICHAEL PIEKSZA, ET AL. | : | NOVEMBER 19, 2005 |

### BRIEF IN OPPOSITION TO MOTION TO SET ASIDE

  The defendant Sampson has moved to set aside that portion of the jury's award in this matter which awarded the plaintiff $1,250 in compensatory damages for assault and battery. The defendant claims that portion of the award duplicates the compensatory damages awarded the plaintiff for unreasonable force in violation of the Fourth Amendment.

  "In ruling on a motion for judgment as a matter of law under Fed.R.Civ.P. 50(b), a district court must consider the evidence in the light most favorable to the non-movant, giving that party the benefit of all reasonable, favorable inferences the jury might have drawn from the evidence....The trial court is not to consider the credibility of the witnesses or otherwise assess the weight of conflicting evidence, since that function is given to the jury....Only when no evidence exists to support the jury's verdict and the

1

verdict it reached could have been based on nothing more than surmise and conjecture or where there is such overwhelming evidence in favor of the movant that reasonable and fair-minded jurors could not arrive at a verdict against the movant, may a trial court properly grant a motion to set aside a jury verdict....The same standard governs appellate review of the grant of such judgment."  Jones v. Spentonbush-Red Star Co, 155 F.3d 587 (2d Cir. 1998) (citations omitted).

"In evaluating a motion under this provision, a trial court 'cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.'  Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 60 (2d Cir. 1993).  In other words, 'either there must be such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result o[f] sheer surmise and conjecture or the evidence must be so overwhelming that reasonable and fair-minded persons could only have reached the opposite result.'"  Hardy v. Saliva Diagnostic Systems, Inc., 52 F. Supp. 2d 333, 337 (D. Conn. 1999), citing Concerned Residents for Envirn. v. Southview Farm, 34 F.3d 114, 117 (2d Cir. 1994); Stubbs v. Dudley, 849 F.2d 83, 85 (2d Cir. 1988).

"Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor.  In deciding such a motion, the court must

2

give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.  Thus, judgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it."  Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998).  Quoted in National Communications Association, Inc. v. AT&T Corp., 238 F.3d 124, 127 (2d Cir. 2001).  Cf., Raniola v. Bratton, 243 F.3d 610, 616 (2d Cir. 2001).

[T]he question is always whether, after drawing all reasonable inferences in favor of the non-moving party and making all credibility assessments in [the non-movant's] favor, there is sufficient evidence to permit a rational juror to find in [the non-movant's] favor.'  Bracey v. Board of Education, 368 F.3d 108, 113 (2nd Cir. 2004), quoting McCarthy v. New York City Technical Coll., 202 F.3d 161, 167 (2nd Cir. 2000).

The defendant's motion is based on nothing but speculation unsupported by anything in the record.  In fact, the court properly and without objection instructed the jury against duplicative damages and certainly there is no reason to suppose, as the defendant wishes, that the jury disregarded the court's instructions.

The motion to set aside the award of compensatory damages for assault and battery must be denied.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931
Fax: 203.776.9494
E-mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Cheryl E. Johnson, Noble, Spector, Young & O'Connor, PC, One Congress Street, Hartford, CT 06114.

_____
JOHN R. WILLIAMS