UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE GALAZO | : NO.: 3:01CV01589 (TPS) |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| MICHAEL PIEKSZA, SGT. JAMES | : |
| NARDOZZI, OFFICER CHARLES | : |
| SAMPSON, and SGT. GARY PELOSI | : DECEMBER 5, 2005 |
|     Defendants. | |

**Defendant's Objection to Plaintiff's
First Motion and Second Motion for Award of Attorney Fees**

The Defendant, Detective Charles Sampson, hereby objects to Plaintiff's First Motion and Second Motion for Award of Attorney Fees on the following basis: (1) The proper calculation of the numbers of hours claimed with regard to (a) hours arguably spent on unsuccessful claims (b) vague descriptions of work performed by failing to adequately specify the subject matters of various hours of work performed; (2) The appropriate hourly rate at which Counsel John Williams should be compensated; and (3) No recovery of costs beyond those taxable by other lawful authority.

The Defendant submits the following in support of the objection to the Motions for Award of Attorney Fees.

1

**(1)** **A reduction in the calculation of the numbers of hours of work performed by the attorneys for the Plaintiff is warranted.**

    (a) Hours of work arguably spent on unsuccessful claims are not compensable under Section 1988 of Title 42 of the United States Code.

When a party achieves partial or limited success then compensation for all hours reasonable expended on litigation as a whole may be an excessive amount. Gonzalez vs. Town of Stratford, 830 F. Supp. 111 (D. Conn. 1992). The Court may exclude hours which it deems unreasonable, excessive or duplicative. Omnipoint Communications, Investments vs. Planning and Zoning Commission of Town of Wallingford, 91 F. Supp. 2d 497 (D. Conn. 2000). The Plaintiff in the Galazo case achieved very limited success when the entire context of the case is examined. Therefore, the total number of hours of work performed by Attorney Williams and Attorney Merly should be reduced substantially to account for time spent litigating unsuccessful claims. The following factors specific to the Galazo matter are pertinent to the Court's determination of this reduction of the hours of work performed by the Plaintiff's Attorneys relative to unsuccessful claims.

At the commencement of the Plaintiff's lawsuit the individuals and entities who were named as Defendants were the following: City of Waterbury, Attorney Kevin Daly, Officer Mark Santopietro, Sgt. James Nardozzi, Officer Gary Pelosi, Officer Charles Sampson, Mr. Toma, Mr. DelBuono and Michael Pieksza. As a result of rulings with regard to the Defendants' Motion for Summary Judgment, all claims against the City of Waterbury and Attorney Kevin Daly were dismissed. Information submitted by the

2

Defendants in their Motion for Summary Judgment confirmed that Officer Mark Santopietro was physically in Florida on the date that the Plaintiff was arrested thereby making it impossible for him to be present at the scene of Plaintiff's arrest.  Consuquently, the Plaintiff moved to dismiss all claims against Officer Santopietro.  The Court dismissed all claims against Officer Santopietro.  As a result of rulings with regard to the Defendants' Motion for Summary Judgment, the claims of use of unreasonable force and assault and battery were dismissed as to the Defendants Nardozzi and Pelosi.  In June 2004, the Plaintiff moved to dismiss all claims against the Defendants Mr. Toma and Mr. DelBuono.  The Court dismissed all claims against the Defendants Toma and DelBuono.

As a result of the successful rulings on behalf of the municipal defendants, there should be a reduction of the 5.0 hours expended by Attorney Williams for preparation of the Plaintiff's Opposition to the Motion for Summary Judgment.  The Defendant, Charles Sampson, should also not be responsible for time expended on the Plaintiff's Motions to Dismiss as to the Defendant Santopietro and as to the Defendants Toma and DelBuono.

In addition thereto, the Plaintiff pursued during the trial constitutional false arrest claims and state malicious prosecution claims against all of the Defendants (Sampson, Nardozzi, Pelosi and Pieksza).  The Plaintiff was unsuccessful on every claim of false arrest and malicious prosecution as they related to all of the Defendants.  As such, the number of hours expended by Plaintiff's attorneys must be reduced appropriately to take into account the total lack of success in litigating these claims.  In

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

the case entitled <u>Lenard vs. Argento</u>, 807 F. 2d 1242 (1987) the Court stated the following: "False Arrest and excessive force claims are independent conceptually as well as in time, for purposes of determining whether rejection of one theory of recovery would reduce amount of attorney fees to which a civil rights plaintiff is entitled. Arresting a person on probable cause does not justify beating him up and beating him up does not invalidate an arrest, and evidence showing one form of misconduct is not relevant to establishing the other." Therefore, even though the Plaintiff was successful on the use of force claims against Defendant Sampson, the claims pertaining to false arrest are sufficiently independent to disallow the recovery of attorney fees expended to litigate these unsuccessful claims.

       The same argument as that stated above can be applied to the unsuccessful litigation of the claims of Intentional Infliction of Emotional Distress against the Defendant Nardozzi and the Defendant Pelosi. The factual allegations of the Plaintiff in his attempts to set forth these claims of Intentional Infliction of Emotional Distress were conceptually independent as well as independent in time to the Plaintiff's use of excessive force claim against Officer Sampson. Therefore, even though the Plaintiff was successful on the use of force claims against Defendant Sampson, the claims pertaining to the intentional infliction of emotional distress as to the Defendants Nardozzi and Pelosi are sufficiently independent to disallow the recovery of attorney fees expended to litigate these unsuccessful claims. As such, the number of hours expended by Plaintiff's attorneys must be reduced appropriately.

4

Lastly, the jury determined the outcome of twelve (12) claims against four (4) Defendants. The jury imposed liability on one (1) Defendant for two (2) related claims of use of force. This outcome exemplifies the appropriateness of the Defendant's request for a substantial reduction in the total hours of work performed by Plaintiff's attorneys.

    (b) <u>The Attorney Fees as requested by Plaintiff's Counsel should be reduced for a failure to provide specific descriptions of work performed.</u>

The billing affidavits of Attorney Williams and Attorney Merly are primarily comprised of entries that are too vague to adequately assess reasonableness. These billing affidavits are replete with entries such as the following: correspondence with client, meeting with witness, meeting with Plaintiff and Plaintiff's wife, telephone conference with client and trial preparation.

In the case entitled <u>Gonzalez vs. Town of Stratford</u>, 830 F. Supp. 111 (D. Conn. 1992), the Court imposed a 10% reduction in total attorney fees requested as a result of vague time entries. This 10% reduction was imposed by the Court in circumstances when it "found for the most part" the entries were sufficiently detailed to permit the conclusion that the time was reasonably spent. However, the Court also took notice that reductions could range from 20% to 50% dependant upon the level of vagueness of the entries. A review of the time entries submitted by the attorneys for the Plaintiff clearly showed lack of any degree of detail that can be deemed to be sufficient to permit a conclusion that the time was reasonably spent. Therefore, the Court should impose a high percentage reduction in total attorney fees requested as a result of the high level of vagueness.

5

In addition thereto, the Defendant should not be responsible for attorney fees that are incurred for work performed before a lawsuit is formally commenced by the Plaintiff.  A review of Attorney Williams billing affidavit indicates that he is requesting to be compensated for work performed from March 22, 1999 to December 29, 2000.  This time period is prior to the commencement of suit which is noted to be August 17, 2001.  Plaintiff's Counsel has not cited any authority which would indicate that pre-litigation services are compensable.  Therefore, the hours for work performed from March 1999 to December 2000 should not be deemed to be compensable.

**(2)** **The Hourly Rate of Attorney John Williams should be reduced based upon the categories of work performed.**

It is within the Court's discretion to differentiate between categories of work involved and to award lower attorney rates for out-of-court services.  <u>Thomas vs. Board of Trustees</u>, 599 F. Supp. 331 (D. Conn. 1984).  A review of the work performed in the <u>Galazo</u> case by Attorney Williams indicates that much of this work can be described as out-of-court services and therefore a lower hourly rate is applicable.  Attorney Williams did not participate at all in the trial proceedings in this matter.  As such, the record is clear that Attorney Joseph Merly was lead and sole counsel for trial purposes.  The billing affidavit submitted by Attorney Williams also indicates that he did not attend any related legal proceedings, which would have required an appearance at Court thereby translating into a secondary role as Counsel.  Based upon the foregoing reasons, the hourly rate of Attorney Williams should be reduced from his requested rate of $350 per hour to $250 per hour.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

**(3)    <u>No recovery of costs beyond those taxable by other lawful authority.</u>**

Section 1988 of Title 42 of the United States Code does not allow recovery of costs beyond those taxable by other lawful authority and that costs should be recovered by a prevailing civil rights plaintiff in the ordinary course rather than as an adjunct to fee application.  <u>Thomas vs. Board of Trustees</u>, 599 F. Supp. 331 (D. Conn. 1984).

Plaintiff's Counsel has submitted information in the First Motion for Attorney Fees which indicates that he is seeking reimbursement for costs in connection with the prosecution of this action that total $1,524.72.  Such request for the reimbursement of costs totaling $1,524.72 is not an appropriate part of a Motion for Attorney Fees and the Defendant respectfully submits that such request must be denied.  In the alternative, should the Court consider Plaintiff's Request for the Reimbursement of Costs, then certain items of that request should not be allowed to be recovered as those items fall beyond those taxable by the Federal Rules of Civil Procedure.  The following items fall beyond those permissible taxable costs and should not be recoverable: Private Investigator Fee ($366.90); Medical Records ($7.02); Private Investigator Fee ($237.00); Messenger ($66.00); Messenger ($96.00); and Medical Records ($7.77).  The Plaintiff has not cited any authority which would permit the recovery of the aforementioned costs.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

        The Defendant,
        Charles Samspon


BY_____
        **CHERYL E. JOHNSON**
        Federal Bar Number: ct02380
        Noble, Spector, Young & O'Connor
        One Congress Street
        Hartford, CT  06114
        860-525-9975
        Fax: 860-525-9985
        johnson@nsyolaw.com


## CERTIFICATION

This is to certify that a copy of the foregoing **Defendant's Objection to Plaintiff's First Motion and Second Motion for Award of Attorney Fees** has been mailed, postage prepaid, this 5th day of December, 2005, to the following counsel of record:

John R. Williams, Esq.
Joseph Merly, Esq.
51 Elm Street, Suite 409
New Haven, CT  06510

        _____
        Cheryl E. Johnson

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985