UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**JOSE GALAZO,**
  -Plaintiff

 -vs-              3:01-CV-01589 (TPS)

**MICHAEL PIEKSZA ET AL,**
  -Defendants.

**RULING ON DEFENDANT'S MOTION TO SET ASIDE**

  Defendant, Officer Charles Sampson, moves, pursuant to Rule 50 of the Federal Rules of Civil Procedure, that the compensatory damage amount of $1,250 awarded by the jury in a verdict dated November 4, 2005, for the claim of assault and battery, be set aside. Defendant claims that the jury entered a duplicate award when it returned a verdict of $1,250 on both the federal claim of excessive force and the state law claim of assault and battery. For the reasons set forth herein, defendant's Motion to Set Aside [**Dkt. #95**] is **DENIED**.

### I. Facts

  Defendant, Jose Galazo, brought this action as a result of an altercation with a private citizen, Michael Pieksza, and several off-duty Waterbury Police Officers outside of the Brass Horse Bar ("Brass Horse") on St. Patrick's Day 1999. At that time, Pieksza was the co-owner of the Brass Horse and Galazo worked in the kitchen. Galazo alleged that Pieksza and several off-duty police

officers, who were at the bar that night, confronted and proceeded to physically assault him in an alley behind the bar. One of the officers allegedly present at the scene was Charles Sampson. As a result of this incident, Sampson, along with the other officers, arrested Galazo for disorderly conduct. The Superior Court later entered a *nolle prosequi* on the disorderly conduct charge.

Plaintiff further alleged that shortly after the incident he contacted the City of Waterbury Mayor's office and logged a complaint. Galazo claimed that as a result of this complaint, Sargent James Nardozzi came to his home and attempted to bribe him in an effort to prevent any further complaints. Finally, plaintiff alleged that Officer Gary Pelosi made at least one threatening phone call to his house, also with an eye at preventing Galazo from taking any further action regarding the incident.

Plaintiff's five-count complaint alleged the federal claims of unlawful arrest and excessive force as well as state law claims for assault and battery, malicious prosecution and intentional infliction of emotional distress. A ruling on defendants' motion for summary judgment dismissed all claims against several of the original defendant's named in the complaint. The court denied summary judgment on all counts with respect to defendants, Michael Pieksza, Sargent James Nardozzi, Officer Charles Sampson and Officer Gary Pelosi.

On November 1, 2005 the case against the remaining defendants

proceeded to a trial before a jury. After the plaintiff's case-in-chief, the court granted defendants' Rule 50 motion with respect to all counts except intentional infliction of emotional distress as to defendants Nardozzi and Pelosi. As a result, the jury was instructed on all five counts with respect to defendants Piekzsa and Sampson and only the intentional infliction count with respect to Nardozzi and Pelosi.

After deliberation, the jury returned a verdict in plaintiff's favor on the excessive force and assault and battery claims against defendant Sampson only. In all other respects the jury found in favor of the defendants. On the excessive force claim, the jury awarded $1,250 in compensatory damages and $50,000 in punitive damages. On the assault and battery claim, the jury also returned an award of $1,250 in compensatory damages and found that punitive damages should be awarded.[1]

## II.  Standard

In ruling on a Rule 50 motion for judgment as a matter of law, "the question is always whether, after drawing all reasonable

---

[1] Under Connecticut law, common law punitive damages are limited to litigation expenses less taxable costs. Hanna v. Sweeney, 78 Conn. 492, 494-95 (1906); Berry v. Loiseau, 223 Conn. 786, 827 (1992); Grisanti v. Cioffi, 3:99CV490(JBA), 2001 U.S. Dist. LEXIS 14358, at *35 (D. Conn. June 14, 2001). With the agreement of the parties, the verdict form asked only whether punitive damages should be awarded on the state law claim of assault and battery. The amount awarded was left to the determination of the court following trial.

inferences in favor of the non-moving party and making all credibility assessments in [the non-movant's] favor, there is sufficient evidence to permit a rational juror to find in [the non-movant's] favor." Bracey v. Bd. of Educ., 368 F.3d 108, 113 (2d. Cir. 2004) (citing McCarthy v. New York City Technical Coll., 202 F.3d 161, 167 (2d Cir. 2000). The court cannot re-weigh the evidence, substitute its judgment for that of the jury, or assess the credibility of witnesses. Weldy v. Piedmont Airlines Inc., 985 F.2d 57, 59-60 (2d. Cir. 1993). Granting a motion for judgment as a matter of law is limited to cases where,

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it.

Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 289 (2d. Cir. 1998) (quoting Cruz v. Local Union No. 3, 34 F.3d 1148, 1154 (2d. Cir. 1994).

Coexisting with the Rule 50 standard is the strong presumption in favor of preserving jury verdicts. See e.g. Gentile v. The County of Suffolk, 926 F.2d 142, 154 (2d Cir. 1991). "A court's role is to reconcile and preserve whenever possible a seemingly inconsistent jury verdict." Indu. Craft Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d. Cir. 1995). Absent evidence to the contrary, the court must assume that the jury followed the court's

instruction on the applicable law.  <u>United States v. Santos</u>, 425 F.3d 86, 94 (2d Cir. 2005).

### III.   Discussion

The sole question before the court is whether the jury returned duplicate damages with respect to the $1,250 awarded on both the excessive force and assault and battery claims.  A party is not entitled to recover twice for the same injury even though the injury suffered may be compensable under two or more theories of liability. <u>Gentile</u>, 926 F.2d at 153; <u>Johnson v. Howard</u>, 24 Fed. Appx 480, 484, 99-2352, 2001 U.S. App. LEXIS 26666, at *4 (6th Cir. Dec. 12, 2001).  However, a jury may assess one amount of damages and divide that amount between two applicable counts.  <u>Gentile</u>, 926 F.2d at 154; <u>Indu Craft, Inc.</u>, 47 F.3d at 497; <u>Bseirani v. Mahshie</u>, 95-9109(L), 95-9145(XAP), 1997 U.S. App. LEXIS 180, at *6 (2d Cir. Jan. 3, 1997).  Where the jury has divided damages between two theories of liability the awards are not duplicative.

The circumstances surrounding the jury award in this case are nearly identical to jury awards upheld in the Second and Sixth Circuits.  <u>See</u> <u>Johnson</u>, 24 Fed. Appx. at 484-86 (finding no double recovery where a jury awarded a prisoner $15,000 on an assault and battery claim and $15,000 on an excessive force claim arising from a physical altercation with a corrections officer); <u>Gentile</u>, 926 F. 2d at 153-54 (finding no double recovery where a jury awarded $75,000 on a malicious prosecution claim and $75,000 on an unlawful

-5-

arrest claim stemming from an altercation between a police officer and a private citizen outside a diner). As the courts noted, where the jury has assessed identical damages on two similar theories of liability there are but two equally plausible explanations – either the jury has duplicated damages or they have equally divided one amount between two legal theories. See Gentile, 926 F.2d at 154; Johnson, 24 Fed. Appx. at 484-86. Both the burden placed on the moving party under Rule 50 and the strong presumption in favor of preserving jury verdicts requires the moving party to make an affirmative showing that the jury has, in fact, duplicated damages. The mere "possibility of non-duplicative awards is enough to sustain the jury verdict." Bseirani, 1997 U.S. App. LEXIS 180, at *5.

The defendant points to no evidence, other than the award itself, to support his claim of double recovery. By merely asking the court to draw from the jury award an inference of duplicity the defendant has failed to sustain his burden. See Gentile 926 F.2d at 154 ("defendants do not demonstrate that a jury's award is duplicative merely by noting that it allocated the damages under two different causes of action").

Before closing arguments, the undersigned presided over a charging conference wherein all parties had the opportunity to object to the jury charge. At that conference, defense counsel made no objections concerning the possibility of a duplicate award.

Further, the jury manifested a good understanding of the charge, which instructed the jury that the claims of excessive force and assault and battery were separate and distinct claims. The jury apparently understood the separate nature of the claims when they asked the court whether the defense of qualified immunity applied to the assault and battery charge as well as the excessive force claim. In response to this question the court issued an agreed-upon supplemental instruction reiterating the difference between the two charges and instructing the jury that the defense of qualified immunity applied only to the excessive force claim. Finally, after the verdict was read, counsel did not request that the jury be polled.

Because the defendant has not supported his double recovery argument with any evidence the probabilities are balanced between the possibility that the jury duplicated awards or whether they merely split one award between two applicable claims. Rule 50 requires the court to draw all reasonable inferences in favor of the non-moving party. Further, the presumption in favor of jury verdicts requires a court, where possible, to reconcile a jury verdict. Where, as here, the probabilities are balanced, the court will draw an inference in favor of the jury verdict and the non-moving party. Therefore, the court concludes that the jury did not assess a double recovery, but rather divided one amount of damages between two applicable counts.

## IV.    Conclusion

For the reasons stated herein, defendant's Motion to Set Aside [**Dkt. # 95**] is **DENIED**.

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and D. Conn. Magis. R. 73(A)(1).  As such, this is a final ruling directly appealable to the United States Court of Appeals for the Second Circuit.  28 U.S.C. § 636(c)(3); D. Conn. Magis. R. 73(B)(1).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 6th day of December, 2005.**

> **/s/ Thomas P. Smith**
> **Thomas P. Smith**
> **United States Magistrate Judge**