UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE GALAZO                                 :
                                            :
VS.                                         :        NO. 3:01CV1589 (TPS)
                                            :
CITY OF WATERBURY, ET AL.                   :        DECEMBER 18, 2005

## PLAINTIFF'S REPLY BRIEF REGARDING ATTORNEY FEE APPLICATION

The defendant Sampson has raised certain limited objections to the plaintiff's 42

U.S.C. § 1988 application for attorney fees, to wit: (1) that fees should be reduced for

unsuccessful claims, (2) that the descriptions of work performed are too vague, and (3)

that a reduced rate should be awarded for out-of-court work.

There is no basis for any reduction in the attorney fee award upon the basis of

partial success.  It is obvious that the time expended by counsel was expended at every

point in support of all of the claims presented.  Most courts have held that when a plain-

tiff prevails on some of his legal theories but not all, he is nevertheless not only a

prevailing party but is entitled to full compensation for all the time he has expended

since every successful lawyer will advance a number of legal theories not each of which

will prevail, yet a private client would pay for all time expended pursuing all such claims.

1

The marketplace should govern under these circumstances and plaintiff's counsel should be fully compensated. *E.g.*, <u>Krewson v. Finn</u>, 107 F.3d 84 (1st Cir. 1997); <u>Nydam v. Lennerton</u>, 948 F.2d 808 (1st Cir. 1991); <u>Quaratino v. Tiffany & Co.</u>, 129 F.3d 702, 705 (2nd Cir. 1997); <u>Murphy v. Lynn</u>, 118 F.3d 938, 952 (2nd Cir. 1997); <u>Bridges v. Eastman Kodak Co.</u>, 102 F.3d 56 (2nd Cir. 1996) (awarding fees for time spent on state law claims on which plaintiff also prevailed); <u>Reed v. A. W. Lawrence & Co., Inc.</u>, 95 F.3d 1170, 1183 (2nd Cir. 1996); <u>Lundy v. City of Albany</u>, 42 F.3d 131 (2nd Cir. 1994); <u>Planned Parenthood of Central New Jersey v. Attorney General</u>, 297 F.3d 253, 270-71 (3rd Cir. 2002) (time spent preparing expert witness was compensable despite fact that, due to scheduling problems, witness did not testify, as was time spent preparing a summary judgment motion that was never filed); <u>Brodziak v. Runyon</u>, 145 F.3d 194 (4th Cir. 1998) (error simply to reduce the fee request by the same percentage as the percentage of claims won compared to those advanced in the suit); <u>Wayne v. Village of Sebring</u>, 36 F.3d 517 (6th Cir. 1994); <u>Wallace v. Mulholland</u>, 957 F.2d 333 (7th Cir. 1992); <u>Emery v. Hunt</u>, 272 F.3d 1042 (8th Cir. 2001); <u>Thomlison v. City of Omaha</u>, 63 F.3d 786 (8th Cir. 1995); <u>Webb v. Sloan</u>, 330 F.3d 1158, 1167-69 (9th Cir. 2003); <u>Watson v. County of Riverside</u>, 300 F.3d 1092 (9th Cir. 2002); <u>Cabrales v. County of Los Angeles</u>, 935 F.2d 1050 (9th Cir. 1991); <u>Romberg v. Nichols</u>, 953 F.2d 1152, 1163-64 (9th Cir. 1992); <u>Robinson v. City of Edmond</u>, 160 F.3d 1275 (10th Cir. 1998); <u>Davis v.

Locke, 936 F.2d 1208 (11th Cir. 1991); Ladd v. Thomas, 47 F. Supp. 2d 236 (D. Conn.

1999) (Arterton, J.) (full fee awarded where plaintiffs obtained declaratory relief but

were denied a permanent injunction in part because the defendant promised to abide

by the declaratory order); Knight v. State of Alabama, 824 F. Supp. 1022 (N.D. Ala.

1993); Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 195, 510 A.2d 972

(1986); Bradford v. Zemanek, 9 CSCR 190 (Conn. Sup. Ct. 1994).  But see Caruso v.

Forslund, 47 F.3d 27, 31 (2d Cir. 1995) ("The complaint in this case alleged a host of

rights violations, but only one claim eventually was submitted to the jury.")

"Counsel's time spent pursuing unsuccessful claims...is generally non-

compensable 'unless it can be shown that the [unsuccessful and successful] claims

were interconnected.' ... 'Inter-connection' can be found when the 'claims include[] a

common core of facts or were based on related legal theories.'...[I]t is the fee target's

burden to show a basis for segregability."  Koster v. Trans World Airlines, Inc., 181 F.3d

24, 38 (1st Cir. 1999).  Citing Krewson v. City of Quincy, 74 F.3d 15, 19 (1st Cir. 1996);

Lipsett v. Blanco, 975 F.2d 934, 940-41 (1st Cir. 1992).  It is error for the court to

reduce the hours of counsel for the prevailing plaintiff by time spent on legal arguments

that did not succeed with the court.  Unless those arguments were frivolous, such nit-

picking is contrary to the intent of section 1988.  Again, the rule of the marketplace

prevails.  No privately-retained lawyer would be paid by her client only for the

arguments with which the judge agreed.  Jaffee v. Redmond, 142 F.3d 409 (7th Cir 1998); Quarantino v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999).  In long and complex litigation, time spent getting newly-arrived lawyers on the plaintiff's legal team "up to speed" also is compensable as it would be in a private setting.  Planned Parenthood of Central New Jersey v. Attorney General, 297 F.3d 253, 271-72 (3rd Cir. 2002).

While it is true that the court has discretion to reduce fee awards to punish lawyers for excessively vague time records, Smart SMR of New York, Inc. v. Zoning Commission of the Town of Stratford, 9 F. Supp. 2d 143 (D. Conn. 1998) (Goettel, J.) (30% reduction because of vague time records); Connecticut Hospital Assn. v. O'Neill, 891 F. Supp. 687 (D. Conn. 1994) (10% reduction ordered because of vague time entries); the time records submitted in this case are not in that category.  It is readily apparent from the entries whether the work is compensable and that is the applicable test.  Walker v. City of Mesquite, 313 F.3d 246 (5th Cir. 2002).  Moreover, it is up to the district court to determine if the records are adequate, and a determination that they are will not be overturned even if the records "are not a model of meticulousness."  Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1111 (10th Cir. 1998).  See also In re: Segal, 145 F.3d 1348, 1353 (D.C. Cir. 1998) (contemporaneous but somewhat vague records held adequate when supplemented by attorney affidavit explaining what he was doing at the times in question). *Cf.,* Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d

4

Cir. 1994); <u>Washington v. Philadelphia County Court of Common Pleas</u>, 89 F.3d 1031 (3d Cir. 1996).

It is well within the court's discretion to compensate counsel at a single rate for all work performed, both in court and out of court, both legal work and nonlegal work, both pre-filing work and post-filing work.  This is the way lawyers bill in the real world and a real-world analysis is supposed to govern in fee-shifting situations.  The Second Circuit has affirmed, as being well within the trial judge's discretion, a holding by Judge Eginton that a lawyer's travel time should be compensated at the same hourly rate as in-court time, since it represents an "opportunity cost" to the lawyer which in the District of Connecticut most lawyers bill to the client.  <u>Ruggiero v. Krzeminski</u>, 928 F.2d 558, 564-65 (2d Cir. 1991).  <i>Cf.</i>, <u>C.G. v. New Haven Board of Education</u>, 988 F. Supp. 60 (D. Conn. 1997).  The Ninth Circuit adopted a similar position and further held that it was appropriate to compensate at the same rates time the plaintiff's attorneys had spend holding press conferences and doing other public relations work since that work contributed to their success and attorneys in the relevant community would customarily bill such time and efforts to their clients at those rates.  <u>Davis v. City and County of San Francisco</u>, 976 F.2d 1536 (9th Cir. 1992).  It is within the discretion of the district court to compensate successful attorneys for pre-litigation administrative proceedings if the

pursuit of such administrative relief ordinarily is necessary to a successful litigation result.  Native Village of Quinhagak v. United States, 307 F.3d 1075 (9th Cir. 2002).

The defendant also objects to the plaintiff's claims for reimbursement of certain expenses incurred by counsel in the prosecution of this action.  That objection, too, is not well taken.  The rule of the marketplace governs also the inclusion of expenses in the Section 1988 attorney fee award.  If given expenses are shown to be the sort ordinarily billed to the client in the relevant marketplace, they may be billed to the losing officials in a civil rights case.  Harris v. Marhoefer, 24 F.3d 16 (9th Cir. 1994).

In this case, the court should award the full, albeit modest, fee requested by the plaintiff.

Respectfully submitted:

_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
Telephone: 203.562.9931
Fax: 203.776.9494
E-mail: jrw@johnrwilliams.com
Plaintiff's Attorney

6

CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Attorney Cheryl E. Johnson, Noble, Spector, Young & O'Connor, PC, One Congress Street, Hartford, CT 06114.

_____

JOHN R. WILLIAMS